Woodbury, J.
Amanda McBride brought her action against Penn and Collins as sureties on the bond of her guardian, Abraham Enochs, assigning that as such guardian Enochs did not discharge with fidelity the trust committed to him, in that he converted to his own use money received by him as such guardian.
The answer admits the liability of the defendants, unless that liability has been avoided by matters occurring subsequent to the breach of the condition of the bond, and they rely on two grounds of defense, which, for convenience, may both be stated together. The claim is that after said conversion Enochs resigned as guardian, in Noble county, Ohio, and filed his final account as such guardian in the probate court of said county. That thereafter he removed to Wood county, W. Va., when, upon the request of his ward, he was re-appointed her guardian, gave bond, and filed his account as such guardian, in which he charged himself with the amount *286 found due his ward, by the probate court of Noble county, which account was, by said Wood county court, approved and confirmed, and at which time said Enochs represented to said court that the money of his said ward was then in his hands. To this plaintiff replied, and upon such issue the case was tried to the court, and a special finding of the facts made, and judgment was rendered for plaintiff.
It is alleged for error here, that the court below erred in its application of the law to the facts as found by it.
. The claim of the parties is, that the selection of Enochs, by his ward, after his resignation, amounted to an extension of time until the ward should arrive at age; and that the subsequent appointment and accounting by Enochs, satisfied the original breach of bond — that it was equivalent to payment. '
The facts found by the court are substantially as follows: Abraham Enochs was, on the 27th day of May, 1871, by the Probate Court of Noble County, Ohio, appointed guardian of the person and estate of Amanda McBride, a minor aged 10 years, June 10, 1871. Enochs, while acting as such guardian, received and converted to his own use, $634.44 of the money belonging to the estate of his said ward. Thereafter, September 3, 1874, Enochs filed a first and final account in said court and resigned, which account was on the 5th day of October, 1874, confirmed, and a balance of $634.44 found due his ward. Thereupon Enochs removed to W°°cl County, W- Va., tgking with him said Amanda McBride, who was his niece, and who constituted one of his family. On the 9th of June, 1875, said Amanda, at her uncle’s house, at his request, and acting under his direction, but without any fraud on his part, signed a paper certifying that she chose Enochs as her guardian.
Enochs thereupon produced to the clerk of the county court of Wood county, said paper, and was thereupon appointed her guardian, upon giving bond in the sum of $1,200, which he did, August 28, 1875.
On the 2nd of October, 1876, a “ commissioner ” of Wood county, audited, stated, and settled the fiduciary account of of said Enochs, and on the 7th of' November, 1876, reported it *287 to the county court, and on the 7th of February, 1878, no exceptions having been taken, returned it for record. On March 13, 1878, the foregoing settlement having remained in said clerk’s office more than 30 days without exceptions, the same was admitted to record therein. In that account Enochs charged himself as guardian: — “ To balance due ward on settlement of guardian’s' account in Noble county, $600. And after claiming some credits, states a balance due his ward of $434.50.
The court further found, that at the date of signing the paper, Amanda McBride occupied a confidential relation 'toward Enochs, and in signing it simply followed his direction. Enochs filed no inventory in Wood County, and no final account. On .the 28th day of August, 1875, Enochs’was solvent, was worth several thousand dollars inland, $1,000 in personal property and had $700 in money.
Enochs, after converting his Ward’s money, never thereafter separated the amount due her from his own property, or impressed upon it title as a part of his Ward’s estate; or in any way identified ány of his property as the property of his said. Ward, unless the proceedings in said Wood County court amounted to such separation or identification.
Enochs thereafter became insolvent, refused upon demand to pay over, and never received any other property of said Ward.
From these facts the court concluded, that the paper signed by Amanda McBride did not release deféndants; that there was a breach of said bond by the conversion; that such breach was never cured or satisfied, and that plaintiff was entitled to recover.
The position assumed, that a selection by a minor, after arriving at the age of 14 years, of a guardian, operates to release the sureties on the bond of such guardian, prior to that time, is not tenable. It does not operate as an extension of the time within which an action could be maintained, until the majority of the ward. It is not a contract with the ward. It lacks not only mutuality, but capacity and consideration. The fact that the statute authorizes the selection at that age, *288 was surely not intended the change or enlarge the right or liabilities of infants. Such a doctrine would enable any designing guardian to work a release of his sureties prior to the selection.
As to which bond is liable for this money, a different question is presented. Assuming, without deciding, that the matters found amount to a valid appointment and settlement in Wood county, did it amount to a satisfaction of the breach of the bond given in Noble county ? It is said, as Enochs succeeded himself, and as it was his dutyAo pay the money over, the law will presume that he had done so, and that he held this money as guardian in Wood county. But, even if available, does such presumption arise? If he had not converted the money, it would be a plausible claim; but as it is found he had converted this money to his own use before removing to Wood county, the presumption would probably be otherwise, that he continued to hold it as an individual, until the contrary appeared. Moreover it would, at most, be a presumption only, which could be rebutted by proof, and the presumption, if any existed, has been overcome, as appears from the facts found. Wilson v. Wilson, 17 O. S., 150.
Now, the conversion being admitted, what must Enochs have done to cure the breach of his bond? Certainly the least he could do would be to restore to the estate of his ward the amount he had used. This he might have done by loaning the money and taking a note to himself as guardian, or by buying land and taking title to his ward, or possibly by separating that amount of money from his own and declaring it to be the money of his ward. At any rate he must, by some in-equivocal act, have impressed upon that amount of his money his ward’s title — so that, for instance, in case of his death, as between his ward and his estate, the ownership in the ward would be manifest.
This he did not do. He simply filed an account in which he charged himself with “ balance due ward"on settlement of guardian’s account in Noble county, Ohio,” to which he added interest. Instead of strengthening the claim of defendant, the conveyance of this account supports the claim of the plaintiff, that Enochs himself was the debtor instead of the trustee. *289 The liability of the sureties on the first bond became absolute by the receipt and conversion of the money by Enochs, and neither the second appointment of Enochs and the giving of bond, nor the filing of the account had the effect to exonerate the sureties on the first bond. Eichelberger v. Gross, 42 O. S., 554.
Spriggs & Obey, and M. M. Granger, for plaintiffs in error.
William Chambers, for defendant in error.
The court of common pleas did not err in its conclusions of law from the facts found, and its judgment is affirmed.